# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

VANESSA HURLEY,

              Plaintiff,                       Case No. 3:13-cv-197

                                            District Judge Timothy S. Black

      -v-                                Magistrate Judge Michael R. Merz

                                  :

MIAMI COUNTY JUVENILE COURT
  Et al.,

              Defendants.

---

# REPORT AND RECOMMENDATIONS

---

Plaintiff Vanessa Hurley brought this action *pro se* to complain of the process in the Miami County Juvenile Court where she attempted to file papers to obtain custody of her grandchildren.  She then received a demand letter for $175.00 for a home study from co-defendant Miami County Childrens Services.  (Complaint, Doc. No. 1, PageID 6).  She then claims the judicial system in Miami County is corrupt and has discriminated her several times. She asserts children have been "adopted out" without giving their relatives an opportunity to raise their own children.  As relief, she requests this Court transfer her case to Montgomery County.

28 U.S.C. §1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --

1

(i) is frivolous or malicious;
(ii) fails to state a claim upon which relief can be granted; or
(iii) seeks monetary relief against a defendant who is immune from
such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989).     In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one:  does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984).  The Court  "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

While the Court empathizes with Plaintiff's difficulties in dealing with custody of her grandchildren, this Court is without jurisdiction or authority to provide the relief she seeks. Federal courts are courts of limited jurisdiction and have consistently refrained from exercising jurisdiction over child custody matters. Under the so-called "domestic relations exception," Federal courts have no power to issue divorce, alimony, or child custody decrees. *Barber v.*

*Barber,* 62 U.S. 582 (1859). Even if this Court could deal with the custody matter directly, it would certainly have no authority under the Constitution to decide in which Ohio court a child custody matter should be handled.

It is therefore respectfully recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

June 19, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).